# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION
# CIVIL ACTION NO. 1:22-CV-00050

| | |
|---|---|
| **LISA BIGGS, Individually, And As Administrator, ESTATE OF KELWIN BIGGS,** <br><br> Plaintiff, <br><br> v. <br><br> **ERIE INSURANCE EXCHANGE,** <br><br> Defendants. | **DECLARATORY JUDGMENT COMPLAINT** |

**NOW COMES** Plaintiff, complaining of Defendant alleges and says:

## PARTIES

1. Plaintiff, Lisa Biggs, (hereinafter "Plaintiff') is a citizen and resident of Durham County, North Carolina.

2. Plaintiff's Intestate and husband, Kelwin Biggs (hereinafter, "Plaintiff's Intestate") resided in Durham County North Carolina prior to his death.

3. Plaintiff, the duly appointed Administrator of the Estate of Kelwin Biggs, has qualified and is acting as such in the institution of this action, pursuant to Chapter 28A of the North Carolina General Statutes. This underlying action was instituted within two years from the death of Plaintiff's Intestate pursuant to the Wrongful Death Statute of North Carolina.

1

4. Defendant Erie Insurance Exchange ("Defendant") is a foreign corporation, incorporated in the Commonwealth of Pennsylvania, engaged in automobile insurance, authorized, and doing business within the State of North Carolina by providing coverage to automobiles garaged, sold, and traveling in North Carolina. Its primary place of business is located at 100 Erie Insurance Place, Erie, PA 16530 and its President is Timothy G. NeCastro.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiff and the Defendants.

6. Venue in this Court is proper under 28 U.S.C. 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and or because Defendants regularly conduct business in this district.

## GENERAL ALLEGATIONS

7. On February 12, 2011, Boulevard Pre-Owned, Inc. (BPO), an automobile dealership, entered into an agreement to sell a 1995 Chevrolet Camaro with Vehicle Identification Number 2G1FP22P7S2160401 BPO to Lewis Riggsbee for the total price of $7,577.85. A true certified copy of Bill of Sale from the North Carolina Department of Transportation, Division of Motor Vehicles (NC DMV) Certificate of Title Record is attached as Exhibit 1.

8. A cash down payment was made in the amount of $1,500.00, the remaining balance of $6,077.85 was to be financed, and BPO retained a security interest in the motor vehicle.

9. BPO repossessed the vehicle from Mr. Riggbee on June 18, 2011. A true certified copy of the Certification of Repossession from the NC DMV Certificate of Title Record is attached as Exhibit 2.

10. On January 8, 2015, Boulevard Pre-Owned, Inc. (BPO) contracted with Nathaniel Brooks to sell a 1995 Chevy Camaro. A true certified copy of the Bill of Sale from the NC DMV Certificate of Title Record is attached as Exhibit 3.

11. A cash down payment was made in the amount of $6,500.00, the remaining balance of $1,417.97 was to be financed, and BPO retained a security interest in the vehicle.

12. BPO did not deliver the vehicle to Mr. Brooks that day, but voluntarily gave the vehicle to Mr. Brooks' son, Daryl Brooks, to deliver to his father sometime prior to March 11, 2015 (Exhibit. 4 - Kyle Ollis' Responses to Plaintiff's First Request for Admissions, Responses # 35).

13. Daryl Brooks' was neither a customer nor did he sign any of the contract documents. A true certified copies of the Title Application, Receipt, Certificate of Title, and Dealer's Reassignment of Title from the NC DMV Certificate of Title Record are attached as Exhibit 5.

14. BPO failed to deliver the certificate of title, application for a new certificate of title, or fees to the North Carolina Division of Motor Vehicles within twenty (20) days

of the of the transaction in violation of N.C. Gen. Stat. § 20-75 (Ex. 4, Responses ##32,33 & Ex. 5.)

15. BPO failed to deliver the documents or pay the fees to the North Carolina Division of Motor Vehicles until April 27, 2015. BPO paid a late fee on that date (Ex. 5).

16. As a result of its failure to transfer title, BPO remained the owner of the 1995 Chevy Camaro until April 27, 2015.

17. Defendant Erie Insurance Exchange (Defendant Erie) issued a Garage Auto Policy to BPO, namely policy number Q01 3080140 NC7, with a policy period of January 30, 2015, to January 30, 2016. The policy insured all autos owned by BPO and provided personal injury liability coverage of $1,000,000 per person and $1,000,000 per accident. A true certified copy of the policy is attached as Exhibit 6.

18. Under the policy, Defendant Erie provided liability protection service to anyone using "an auto we insure with [BPO's] permission except [BPO's] customer [..])."

19. On or around March 11, 2015, Daryl Brooks (" or Driver") was operating the 1995 Chevy Camaro in Durham, North Carolina with a suspended driver's license, traveling at 80 miles per hour in 45 miles per hour zone, while subject to an impairing substance when he failed to reduce his speed, crashed the 1995 Camaro into the rear of Plaintiff Intestate's vehicle, and pushed Plaintiff Intestate's vehicle into the opposite lane of oncoming traffic where it was struck by a third vehicle (Exhibit 7 - Underlying Complaint ¶¶ 31-33, 35-38, 44, & Collision Report).

20. Plaintiff's Intestate died at the scene of the collision due to blunt force trauma suffered in the motor vehicle collision (Exhibit 7- Underlying Complaint ¶ 40). The

4

accident report indicated Daryl Brooks was the driver of the 1995 Chevy Camaro and that Lewis Riggsbee was the owner of the vehicle (Exhibit 7 – Underlying Complaint Collision Report).

21. On April 6, 2015, Driver was subsequently indicted on charges of Second-Degree Murder, Felony Death by Motor Vehicle, Driving While License Revoked Due to an Impairing Substance, Felony Serious Injury by Vehicle, and Reckless Driving (Exhibit 8 - Indictments).

22. Following a jury trial in Durham County Superior Court on or around March 22, 2017, Driver was found guilty of all charges (Exhibit 9 - Judgments & Sentencing).

23. On May 6, 2015, a summons and complaint were issued and filed, respectively, as 15 CVS 2972 in Durham County, North Carolina naming numerous parties including, but not limited to, BPO, its president, Kyle Ollis, (Ollis) and Driver.

24. Defendant received timely notice of this claim through several means including, but not limited to:

   a. Service of the underlying complaint and summons in on its named insured BPO on May 20, 2015 (Exhibit 10 - Summons served on BPO);

   b. A July 5, 2017, letter from Defendant BPO/Erie's counsel regarding Plaintiff's direct demand to Defendant Erie (Exhibit 11); and

   c. Receipt of a subsequent copy of the underlying complaint and summons sent via certified mail to its President on December 31, 2019 (Exhibit 12).

25. During the exchange of discovery Driver confirmed neither Ollis nor BPO controlled his use of the vehicle and denied that title had been transferred to Nathaniel

5

Brooks (Exhibit 13 – Daryl Brooks' Responses to Ollis & BPO's First Request for Admissions, Responses #3 & #9).

26. At a May 1, 2017, hearing on BPO and Ollis' Motion for Summary Judgment, BPO/Erie's counsel:

   a. Stated it was undisputed that [BPO was] the title owner of the car as [BPO] failed to submit the paperwork to DMV (Exhibit 14 – Summary Judgment Hearing Transcript Excerpt, p.16:10-11);

   b. Confirmed that the subject vehicle was not stolen (Ex. 4, Responses #44,45; Ex. 14, p. 9:11-12); and

   c. Confirmed Driver drove the subject vehicle with BPO's permission (Ex. 4, Responses ##34, 35; Ex. 14, p. 9:11-13).

27. On May 4, 2017, an Order was entered dismissing all claims against BPO and Kyle Ollis. (Exhibit 15).

28. Defendant Erie provided no defense of Daryl Brooks in the underlying lawsuit and did not participate in the litigation of the same following May 4, 2017 (Exhibit 16 - July 12, 2017, Email).

29. After numerous stays, the case was calendared for trial and the week of April 19, 2021. On April 21, 2021, judgment was granted, and on May 20, 2021, entered, against Daryl Brooks in the amount of $2,500,000.00 in compensatory and $7,500,000.00 in punitive damages (Exhibit 17 - Underlying Judgment and Order).

30. The Order granting Summary Judgment as to claims against BPO and Ollis was appealed on June 18, 2021 (Exhibit 18 - Notice of Appeal).

31. On July 8, 2021, a subsequent Order was entered which modified, but did not substantially alter, the judgment (Exhibit 19).

32. A real and judiciable controversy exists as to whether Plaintiff is entitled to payment of damages under Defendant's Policy Number Q01 3080140 NC7; this court has the power and jurisdiction to declare the rights and duties of the parties pursuant to N.C. Gen. Stat. § 1-253 et seq. and Rule 57 of the North Carolina Rules of Civil Procedure.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays the Court for judgment as follows:

1. That the Court proceed under N.C.G.S. 1-253 et. seq. and Rule 57 of the North Carolina Rules of Civil Procedure to declare the relative rights and responsibilities of the parties as a result of the automobile collision described above;

2. That the Court enter an Order declaring that Defendants are responsible for satisfying the judgment awarded to Plaintiff in 15 CVS 2972 - Durham County;

3. That the costs of this action be taxed against the Defendants;

4. That Plaintiffs have and recover prejudgment and post judgment interest as allowed by law.

5. That Plaintiffs have and recover attorney's fees; and

6. For such other and further relief as the Court deems just and proper.

This the 24th day of January, 2022.

/s/C.Destine A. Couch
Finesse G. Couch
N.C. Bar No. 12634
C. Destine A. Couch

N.C. Bar No. 31464
COUCH & ASSOCIATES, PC
Post Office Box 1527
Durham, North Carolina 27702
Phone: (919) 688-8786
Fax: (919) 683-6394
Email: couch@couchandassociates.com
Email: couchlaw1@gmail.com