IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LISA BIGGS, Individually, and as ADMINISTRATOR FOR THE ESTATE OF KELWIN BIGGS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:22-cv-00050 |
| ERIE INSURANCE EXCHANGE, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Before the court is the motion of Defendant Erie Insurance Exchange ("Erie") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 5.) Plaintiff Lisa Biggs, Individually, and as Administrator for the estate of Kelwin Biggs, ("Biggs") filed a response in opposition (Doc. 7), and Erie replied (Doc. 9). For the reasons set forth below, the motion will be granted and the complaint will be dismissed without prejudice.

## I. BACKGROUND

The facts, as alleged in the complaint and viewed in the light most favorable to Biggs, show the following:

On March 11, 2015, Biggs's husband, Kelwin Biggs, was tragically killed in a motor vehicle accident by an impaired driver. (Doc. 1 ¶¶ 19-20.) The driver, Daryl Brooks ("Brooks"), was operating a vehicle owned by Boulevard Pre-Owned, Inc.

(Id. ¶ 26.) Brooks's father, Nathaniel Brooks, had previously contracted for the purchase of the vehicle, but Boulevard Pre-Owned, Inc. failed to properly deliver title and transfer ownership. (Id. ¶¶ 10, 26.) Erie insured the vehicle under a policy issued to Boulevard Pre-Owned, Inc. (Id. ¶ 26.)

Biggs filed a lawsuit and obtained a judgment against Brooks in Durham County Superior Court on April 21, 2021. (Id. ¶¶ 23, 29, 31.) On July 22, 2021, Biggs filed a declaratory judgment action in Durham County Superior Court against Erie, Erie Insurance Company, and Brooks. (Doc. 7 at 2.) The court denied cross motions for summary judgment from the bench on January 11, 2022, and prior to the entry of the court's written order, Biggs voluntarily dismissed the action. (Id.)

Days later, on January 24, 2022, Biggs filed the present declaratory judgment action against Erie in this court, asserting diversity jurisdiction.[1] (Doc. 1.) Erie now moves to dismiss the lawsuit on the ground that the court lacks diversity jurisdiction (Doc. 5) because all parties are citizens of North Carolina (Doc. 6 at 4-6). Alternatively, Erie urges the court to decline

---

[1] In her complaint, Biggs invokes North Carolina's declaratory judgment act, N.C. Gen. Stat. § 1-253. (Doc. 1 ¶ 32.) In adjudicating claims for declaratory relief, however, federal courts apply the federal Declaratory Judgment Act, 28 U.S.C. § 2201, rather than state analogue statutes. See White v. National Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir. 1990) (holding "[f]ederal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction").

2

to exercise its discretionary jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. (Id. at 6-7.)

**II. ANALYSIS**

Federal courts exercise limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994). "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." Bowles v. Russell, 551 U.S. 205, 212 (2007). Relevant to this dispute, Congress permits federal courts to adjudicate civil lawsuits involving more than $75,000 brought between citizens of different states, between U.S. and foreign citizens, or by foreign states against U.S. citizens. 28 U.S.C. § 1332(a). There must be "complete diversity" — that is, no plaintiff may be from the same state as any defendant. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005).

This requires the court to examine the citizenship of the litigants. See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998) (distinguishing "citizenship" and "domicile" from a litigant's "residence" when assessing diversity jurisdiction). Although corporations are citizens of the state (or foreign country) in which they are incorporated and have their principal place of business, see 28 U.S.C. § 1332(c)(1), an unincorporated association is considered a citizen of each state in which its members reside for

3

the purposes of determining diversity jurisdiction, see Clephas v. Fagelson, Shonberger, Payne & Arthur, 719 F.2d 92, 93-94 (4th Cir. 1983); see also Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980) ("Although corporations suing in diversity long have been 'deemed' citizens, unincorporated associations remain mere collections of individuals." (internal citation omitted)). To determine whether complete diversity exists with unincorporated associations, "[t]he citizenship of all the members must be looked to, and not merely that of the officers and managers." Clephas, 719 F.2d at 93 (citation omitted).

If diversity jurisdiction is challenged, the party asserting federal jurisdiction bears the burden of establishing the citizenship of each party by a preponderance of the evidence. Zoroastrian Center & Darb-E-Mehr of Metropolitan Washington, D.C. v. Rustam Guiv Foundation of New York, 822 F.3d 739, 748 (4th Cir. 2016); see Roche v. Lincoln Property Co., 373 F.3d 610, 616 (4th Cir. 2004), rev'd on other grounds, 546 U.S. 81 (2005) ("A party's mere allegation of diversity cannot satisfy its burden of establishing the district court's jurisdiction."). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction," the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac Railroad Co. v. United States,

4

945 F.2d 765, 768 (4th Cir. 1991). "If this burden is not met, the federal court must dismiss the action." Roche, 373 F.3d at 616; Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (same).

Erie argues that dismissal is required because it and Biggs are not diverse as they are both citizens of North Carolina. (Doc. 6 at 4-6.) Biggs responds that complete diversity exists because Erie is only a citizen of Pennsylvania, its principal place of business. (Doc. 7 at 3-4.)

Erie supports its contention with the affidavit of Kimberly Miller, who is Erie's "Southeastern Region Litigation Claims Manager for North Carolina, Virginia, and West Virginia." (Doc. 6-5 ¶¶ 1, 4.) Miller affirms that Erie is not a corporation, but rather an unincorporated reciprocal insurance exchange. (Id. ¶ 6.) She also affirms that Erie issues insurance policies to citizens of North Carolina and that these policyholders are members or "subscribers" of the reciprocal insurance exchange. (Id. ¶¶ 7-8.) Erie argues, therefore, that because these North Carolina policyholders are members of Erie, complete diversity between the parties is lacking. (Doc. 6 at 6.)

In response, Biggs argues that Erie is not a citizen of North Carolina but is instead a "Pennsylvania company and/or corporation." (Doc. 7 at 3.) First, she relies on Erie Insurance

5

Exchange v. Davenport Insulation, Inc., 616 F. Supp. 2d 578 (D. Md. 2009), and Garcia v. Farmers Insurance Exchange, 121 F. Supp. 2d 667, 669 (N.D. Ill. 2000), to argue that Erie's North Carolina policyholders are mere customers, not members. (Doc. 7 at 3.) In Garcia, the court denied a motion to dismiss for lack of subject matter jurisdiction filed by an insurance exchange holding that the subscribers or policyholders were customers, not members, and complete diversity existed. 121 F. Supp. 2d at 669-70. In Davenport, the court relied on Garcia and denied Erie's motion to remand for lack of diversity jurisdiction. 616 F. Supp. 2d at 579-80.

Next, Biggs argues that Erie should be estopped from claiming North Carolina citizenship because it has previously "represented itself as a Pennsylvania company entity" in other filings. (Id. at 3-4.) In support, Biggs has submitted Erie's answer in her previous state court lawsuit, where Erie admits it "is a Pennsylvania corporation that does business and issues insurance policies in North Carolina." (Id. (quoting Doc. 7-1 ¶ 5).) Additionally, Biggs has submitted Erie's complaint in Erie Insurance Exchange v. First United Methodist Church, 690 F. Supp. 2d 410 (W.D.N.C. 2010), a declaratory judgment action, where Erie stated it was "'an insurance company with a principal place of business in Erie, Pennsylvania' and omitted any mention of its North Carolina citizenship." (Id. at 4 (quoting

6

Doc. 7-2 ¶ 1).)

In reply, Erie argues that the cases Biggs relies on are outliers. (Doc. 9 at 1-3.) It characterizes its prior admission of being a Pennsylvania corporation as a "scrivener's error" and notes that its citizenship was irrelevant in the state action. (Id. at 3-4.) Further, Erie contends, its filing in First United Methodist Church merely admitted it was a Pennsylvania "company," not "corporation," and that the lawsuit pre-dated most of the relevant case law at issue. (Id. at 4.)

Following a thorough review of the record and relevant case law, the court finds that Erie is a citizen of North Carolina for the purposes of diversity jurisdiction. Erie is a reciprocal insurance exchange, and control of this organization is vested in its "subscribers" or policyholders. See Erie Insurance Exchange v. Electrolux Home Products, Inc., No. 3:10CV615, 2011 WL 2945814, at *1 (W.D.N.C. July 15, 2011) ("A reciprocal insurance exchange is an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds." (quoting Themis Lodging Corp. v. Erie Insurance Exchange, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010))); True v. Robles, 571 F.3d 412, 414 (5th Cir. 2009) ("[A] reciprocal insurance exchange is a web of contractual relationships between subscribers who agree to insure one another, consummated through a common agent with power of attorney."). Erie

7

has submitted evidence that it has members who are citizens of North Carolina. (See Doc. 6-5.) Thus, as a reciprocal insurance exchange, Erie itself is a citizen of North Carolina. Because Erie and Biggs are both citizens of North Carolina, there is a lack of complete diversity.

Biggs's arguments to the contrary are unpersuasive. Most courts – including those in the same districts – have reached the opposite conclusion of Garcia and Davenport. See, e.g., Erie Insurance Exchange v. Potomac Electric & Power Co., No. CIV.A. DKC 14-0485, 2014 WL 1757949, at *3 (D. Md. Apr. 29, 2014) (collecting cases); Electrolux Home Products, Inc., 2011 WL 2945814, at *2 (holding the same as "the court finds Davenport and Garcia to be against the greater weight of authority"). Indeed, the same judge who authored Garcia has since issued an order in a different case, determining that the policyholders of an insurance exchange are members, and not mere customers, for purposes of diversity jurisdiction. See Farmers Insurance Exchange v. One Sample, LLC, 432 F. Supp. 3d 781 (N.D. Ill. 2020). Additionally, Biggs's extrinsic evidence of previous court filings does not satisfy her burden of establishing Erie's sole Pennsylvania citizenship. Erie's previous filings do not alter the facts of Miller's affidavit affirming both Erie's corporate structure as an unincorporated reciprocal insurance exchange and its North Carolina citizenship.

8

Where subject matter jurisdiction is lacking, the court must dismiss all claims without prejudice. OpenBand at Broadlands, LLC, 713 F.3d at 185. Therefore, the court need not reach a firm conclusion whether to exercise its discretion under the Federal Declaratory Judgment Act, and Erie's motion to dismiss for lack of subject matter jurisdiction will be granted.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Erie's motion to dismiss (Doc. 5) is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE.

/s/   Thomas D. Schroeder
United States District Judge

May 31, 2022